**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MCGIP, LLC | ) | |
| | ) | CASE NO.: 10 CV 6677 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | Magistrate Judge: |
| DOES 1 – 316 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, by and through its attorneys and for its First Amended Complaint against Defendants, avers as follows:

**INTRODUCTION**

1. This action has been filed by Plaintiff to combat the willful and intentional infringement of its exclusive license to certain copyrighted creative works and includes a civil claim for copyright infringement. Plaintiff is the exclusive licensee of the right to reproduce and distribute the copyrighted creative works at the subject of this action via the BitTorrent protocol. Defendants, whose names Plaintiff expects to ascertain during discovery, illegally reproduced and distributed the copyrighted creative works via the BitTorrent protocol, in direct infringement of Plaintiff's exclusive rights and upon information and belief continue to do the same.

2. Plaintiff seeks a permanent injunction, damages, costs and attorneys' fees to the extent authorized by the Copyright Act.

**THE PARTIES**

3. Plaintiff, MCGIP, LLC ("MCGIP") is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, MN. During all times relevant to this action, Plaintiff has been the exclusive licensee of the right to reproduce and distribute via the BitTorrent protocol the copyrighted creative works at issue in this Complaint.

4. Defendants' actual names are unknown to Plaintiff. Instead, each Defendant is known to Plaintiff only by an Internet Protocol address (hereinafter "IP address"), which is a number that is assigned to devices, such as computers, that are connected to the Internet. In the course of monitoring Internet-based infringement of its exclusive rights, Plaintiff's agents observed each of the IP addresses listed on Exhibit A hereto engaging in infringing activity. Plaintiff believes that the Defendant's true identities will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to state those identities, if necessary. Further, Plaintiff believes that the information gathered in discovery will allow Plaintiff to identify additional Defendants, as infringement monitoring is ongoing.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked under 17 U.S.C. §§ 101-1332 as the Plaintiffs' cause of action arises under the Copyright Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of

the Plaintiff, exclusive rights owner, distributed and offered to distribute via the BitTorrent protocol copyrighted works for which Plaintiff has certain exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## BACKGROUND

7. BitTorrent is a modern method ("protocol") for distributing data via the Internet.

8. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. Under such protocols, a central server can become overburdened and the rate of data transmission can slow considerably or cease altogether when large numbers of users request data from the server all at once. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

9. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data directly to one another. Under the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

10. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The aggregate group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

11. The BitTorrent protocol operates as follows. First, a user locates a file (a "torrent" file) that contains background information about the file the user wishes to download along with

a list of trackers that maintain a list of peers in the swarm that is distributing that particular file. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the trackers listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

12. Recent advances in the BitTorrent protocol have reduced the importance of trackers. The introduction of distributed hash tables allows participating peers to serve as "mini-trackers". The peer-exchange protocol allows peers to share information about other peers in the swarm, which was previously an exclusive function of trackers.

13. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as users are allowed to download and distribute under the cover of their IP addresses. The BitTorrent protocol is an extremely popular method for transferring data. Studies have estimated that the BitTorrent protocol accounts for as much as half of all Internet traffic in certain parts of the world. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world.

14. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, e-books, photographs, software

and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

15. Efforts at combatting BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from efficient anti-piracy measures.

## INFRINGING CONDUCT

16. Defendants, without Plaintiff's authorization or license, intentionally downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to the copyrighted creative works covered by Plaintiff's exclusive license and reproduced and distributed the same via the BitTorrent Protocol to hundreds, if not thousands, of third parties.

## COUNT I – COPYRIGHT INFRINGEMENT – ALL DEFENDANTS

17. Plaintiffs incorporate by reference allegations 1 through 16 above as if set forth fully herein.

18. At all times relevant hereto, Plaintiff has been the exclusive licensee of the right to reproduce and distribute via the BitTorrent protocol the photographic and audiovisual works copied, reproduced and distributed by Defendants via the BitTorrent protocol. A log of IP addresses identifying each Defendant, the corresponding torrent file/copyrighted work which Defendant was reproducing and distributing and the date and time of Defendant's activity is attached hereto as Exhibit A. Defendants committed their infringing acts with the actual and

constructive knowledge of Plaintiff's exclusive rights and those of the underlying copyright holder. The Defendant's acts have contributed to the infringing, copying, duplication and reproduction of the copyright creative works relevant to this action and the infringing of Plaintiff's exclusive license. Each act by Defendants that infringes on one of Plaintiff's exclusive rights is the basis for a separate claim against the Defendants under the Copyright Act.

19. Defendants have never been authorized by Plaintiffs to reproduce or distribute via the BitTorrent protocols the copyrighted creative works subject to Plaintiff's license.

20. Each of the creative works at issue in this action has been registered with the United States Copyright Office or has an application for registration pending in the United States Copyright Office.

21. Each of the works at issue in this matter is marked as a copyrighted work and contains a watermark bearing the copyright holder's mark and/or is available only to members of the underlying copyright holder's website, which contains copyright marks. In addition, each of the works at issue in this matter are associated with a statement that age verification records for all individuals are maintained in accordance with 18 U.S.C. § 2257. Moreover, each of the torrent files used to access the copyrighted material was named in a manner that identified the underlying copyright holder as the producer of the content.

22. Without authorization or consent, each Defendant copied, reproduced and distributed the copyrighted works described on Exhibit A hereto via the BitTorrent protocol in direct violation of Plaintiff's exclusive license with respect to those works. Plaintiff is informed and believes that that each Defendant, participated and continues to participate in a BitTorrent swarm to reproduce and distribute to the public the copyrighted content. Each Doe who is known to Plaintiff as of the date of this Complaint is identified on Exhibit A. By so doing, each

Defendant has infringed on Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

23. Upon information and belief, each Defendant knew or had constructive knowledge that their acts constituted copyright infringement.

24. Defendants' conduct was willful within the meaning of the Copyright Act, intentional and with indifference to the rights of Plaintiff.

25. Upon information and belief, Defendants' collective actions arose out of the same series of transactions and facts common to all defendants will arise in this action.

26. Upon information and belief, the Defendant's acts as alleged are willful infringements or have irreparably harmed the Plaintiffs' exclusive rights and threaten further infringements and further irreparable harm to the Plaintiffs' exclusive rights. Further harm and injury to Plaintiffs is imminent, and the Plaintiffs are without an adequate remedy at law with respect to such harm and injury. Unless Defendants' acts are enjoined, it is highly likely that Defendants will continue to reproduce and distribute the copyrighted creative works covered by Plaintiff's exclusive license and infringe on Plaintiff's exclusive license.

27. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §§ 101-1332.

## JURY DEMAND

28. Plaintiff hereby demands a jury trial in this case.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant as follows:

1) That the Court enter a judgment against Defendants that they have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 and that such infringement was willful;

2) That the Court issue injunctive relief against Defendants, and that Defendants and all others in active concert with Defendants, be enjoined and restrained from further violation of Plaintiffs' copyrights and required to destroy all copies of those copyrighted files in each Defendant's possession custody, or control;

3) For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

4) For Plaintiff's costs;

5) For Plaintiff's reasonable attorneys' fees; and

6) For such other and further relief as the Court deems appropriate.

Respectfully submitted,

MCGIP, LLC

**DATED:** December 20, 2010

By: /s/ John Steele_______________
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*