**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MCGIP, LLC<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 – 258<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:10-cv-06677<br><br>Judge: Hon. Virginia M. Kendall |

# JOINT INITIAL STATUS REPORT

Plaintiff's counsel respectfully submits this Joint Initial Status Report, which was prepared by Plaintiff's counsel because Defendants' counsels have not yet filed an appearance.

1. Attorneys of Record. Plaintiff's attorney of record is John Steele.

2. Basis of Federal Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

3. Plaintiff's Claims. Plaintiff MCGIP, LLC alleges that Defendants violated its exclusive rights in the copyrighted creative works at the heart of this action via computer-based peer-to-peer file transfer networks. Specifically, Plaintiff alleges that each Defendant used the BitTorrent file transfer protocol to reproduce and distribute the copyrighted creative works from and to the other Defendants and thousands of third parties. There are presently no counterclaims.

4. Service. Pursuant to the Court's Order of October 25, 2010, Plaintiff is engaged in discovery to ascertain the identities of the various Doe Defendants. The discovery process has been slowed, in part, by the presence of much larger similarly structured cases venued in other

Districts. For example, a case venued in the District of Columbia involved over 16,000 Doe Defendants. The discovery efforts in such cases, which are very similar to the discovery efforts in this case, have created a bottleneck at Internet Service Providers that provide this data. For example, Plaintiff has received requests from Internet Services Providers for a doubling of the typical response time for an IP address resolution.

5. Principal Legal Issues. Are Defendants liable for direct, vicarious or contributory copyright infringement?

6. Principal Factual Issues. Did the account holder associated with the Internet Protocol address at the date on time on which such Internet Protocol address was observed engaging in infringing activity engage in such activity?

7. Jury Trial. Plaintiff has requested a jury trial.

8. Discovery. As described in paragraph 4 above, Plaintiff has engaged in limited preliminary discovery to ascertain the identities of the account holders associated with the IP addresses listed in Exhibit A to Plaintiff's First Amended Complaint. Plaintiff does not expect to engage in further discovery prior to amending its First Amended Complaint to name individual defendants.

9. Trial. Plaintiff will be unable to proceed to trial before ascertaining the identities of the Doe Defendants – a process which Plaintiff believes could take an additional two months. Probable length of trial – 8-10 days.

10. Magistrate Judge. Plaintiff cannot speak for the unnamed Doe Defendants on this issue.

11. Settlement Discussions. As part of the Internet Service Provider discovery process, most Internet Service Providers notify their subscribers of a subpoena request. Certain

of these subscribers (most often via their attorney) have approached Plaintiff to explore settlement options. On December 29, 2010, Plaintiff filed a Notice of Dismissal dismissing nearly 20 percent of the Doe Defendants from this action due, *inter alia*, to settlements that have been reached between the parties. In addition, Plaintiff is presently engaged in settlement discussions with other Doe Defendants.

Respectfully submitted,

MCGIP, LLC

**DATED:** January 12, 2011

By: /s/ John Steele________________
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*