UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT of ILLINOIS

| | | |
|---|---|---|
| MCGIP, LLC, | ) | |
| Plaintiff | ) | CASE No. 1:10-CV-06677 |
| v. | ) | |
| | ) | |
| DOES 1-316 | ) | |
| Defendants | ) | |

**MOTION OF DOE DEFENDANT TO QUASH SUBPOENA
DIRECTED TO VERIZON TO DISCLOSE IDENTITY, or OTHERWISE
CONDUCT DISCOVERY BY SUBPOENA**

On behalf of one of the 316 un-named Defendants (hereinafter referred to as "Doe Defendant Q1" having an IP address of "173.69.54.81") this Motion to Quash and Opposition to Subpoena is filed to Quash the Subpoena (hereinafter referred to as the "Subpoena") directed to Verizon Legal Compliance, Custodian of Records, P.O. Box 1001, San Angelo, Texas 76902 [fax number 325-949-6916] (hereinafter referred to as "Verizon") requesting that Verizon disclose to Plaintiff the identity of Defendant Q1 and internet use records so that Plaintiff may take direct legal action against Defendant Q1 without actual proof of misconduct, violation of law or copyright infringement by Defendant Q1 .

As reasons for Allowing Defendant Q1's Motion to Quash Plaintiff's Subpoena, Defendant Q1 states the following:

1. Defendant Q1 is an individual or entity having an address and domicile in a suburban area more than 1,000 miles distant from Chicago, Illinois.

2. **Defendant Q1 has an open IP address and wireless router through which any number of local area neighbors and others may gain anonymous wireless Internet access.** Defendant Q1's Internet IP address is not password protected and can be shared and easily accessed by others.

3. Plaintiff is an adult entertainment (pornographic or otherwise sexually explicit) motion picture/video producer who without competent evidence or **proof of wrong-doing by has filed a blanket shot-gun complaint** alleging copyright infringement by means of unauthorized internet related distribution.

4. Defendant Q1 denies any downloading, distribution or other dealing with any copyrighted material as alleged by Plaintiff.

1

5. **There is no evidence of "joint activity by similar defendants"** to include Defendant Q1 as one of 316 defendants in one lawsuit... as required by Justice Ruben Castillo of this Court in dismissing another similar Complaint filed by Plaintiff's attorney against hundreds of Doe defendants in this Court.

6. **Plaintiff has not established that the Court has personal jurisdiction** over any or the vast majority of the 316 defendants in this case nor of Defendant Q1 more than 1,000 miles distant from the Court. Defendant Q1 cannot be forced to defend rights and obligations in a jurisdiction with which or in which Defendant Q1 has had no contact or dealings. As a threshold matter, Plaintiff has not met its burden to establish personal or transactional jurisdiction. Consequently, the Court should Quash the Subpoena directed to Verizon against Defendant Q1. See, Enterprise International v. Corporacion Estatal Petrolera Ecuatoriania, 762 F.2d 464, 470-471 (5th Cir. 1985) and Accord, United Elec., Radio and Mach Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1084 (1st Cir. 1992); and, World-Wide Volkswagen Corp., v. Woodson, 444 U.S. 286, 297 (1980); and Clemens v. McNamee, 615 F.3d 374, 378 (5th Cir. 2010).

7. **Defendant Q1 is neither resident of, or domiciled in, Illinois or any other neighboring state.** There is no showing of domicile. Plaintiff has not made a *prima facie* showing of personal jurisdiction. The Court may exercise personal jurisdiction over Defendant Q1 if Defendant Q1 is domiciled within the jurisdiction. Defendant Q1 is not so domiciled, hence no personal jurisdiction and the Subpoena merits quash. See, e.g. United States v. Henderson, 209 Fed Appx. 401, 402 (5th Cir. 2006; Milliken v. Meyer, 311 U.S. 457, 463-464 (1940).

8. Plaintiff has not made a prima facie showing that the Court has personal jurisdiction over Defendant Q1 based on alleged acts of copyright infringement occurring in this jurisdiction. Plaintiff has not demonstrated that Defendant Q1 has "minimum contacts" with the forum; nor has Plaintiff demonstrated that "requiring Defendant Q1 to defend in Illinois does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., v. Washington, 326 U.S. 310, 316 (1945). See also Burger King Corp., v. Rudzewicz, 471 U.S. 462, 474-477 (1985). **Plaintiff has not met its jurisdictional burden. There is no authority to issue preliminary relief or enforce Subpoena without personal or transactional jurisdiction. See, e.g., Enterprise Int'l, 762 F.2d at 470-471.**

9. Courts have rejected the claim that the mere fact that the Internet permits access to information by residents of every state as well as other countries means that the person alleged to have been engaged in some alleged act of Internet related infringement can be sued anywhere in the United States. See **ALS Scan v. Digital Service Consultants**, 293 F.3d 707, 712-714 (4th Cir. 2002) for a full discussion. See also, Revell v. Lidov, 317 F.3d 467, 475-476 (5th Cir. 2002); and, Fielding v. Hubert Burda Media, 415 F.3d 419, 424 (5th Cir. 2005) citing Revell.

2

10. **Plaintiff cannot undertake discovery or serve Subpoena to find jurisdictional facts**. See, e.g. Fielding, 415 U.S. F.3d at 429; Cable Electronics, Inc., v. North America, No. 3:08-CV-0433-M, 2009 WL 2382561, at *2 (N.D. Tex. 2009), (citing Fielding). It is well within the District Court's discretion to deny discovery requests and quash Subpoena where the Plaintiff "offers only speculation" of jurisdiction; "fishing expeditions" into jurisdictional facts are strongly disfavored. See, e.g., Carefirst of Maryland, Inc., v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003); Base Metal Trading, Ltd. v. OFSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 216 n.3 (4th Cir. 2002).

11. Plaintiff has improperly joined hundreds of individual defendants based on entirely disparate alleged acts. Such joinder in a single action is improper and runs the tremendous and likely risk of creating unfairness, denying individual justice and convenient forum jurisdiction to those sued. See, BMG Music v. Does 1-203, 2004 WL 953888, at *1 (severing lawsuit involving 203 defendants).

12. Fed. R. Civ. P. 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Joinder based on separate but allegedly similar behavior by individuals using the Internet has been rejected by courts across the country. See, UMG Recordings, Inc., et al., v. Does 1-51, No. A-04-CA-704 LY (W.D. Tex. Nov. 17, 2004); and LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb 27, 2008); and, Interscope Records v. Does 1-25, No. 6:04-CV-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004; and, Twentieth Century Fox Film Corp. et al., v. Does 1-12, No. C-04-04862 (N.D. cal. Nov. 16, 2004); and, Adrain v. Genetec Inc., No. 2:08-CV-423, 2009 WL 3063414 (E.D. Tex. Sept. 22, 2009); and, Mosely v. General Motors Corp., 497 F.2d 1330, 1332-1333 (8th Cir. 1974); and, Nassau County Ass'n of Ins. Agents, Inc., v. Aetna Life and Cas. Co., 497 F.2d 1151, 1154 (2d Cir. 1974); and, BMG Music v. Does 1-203, 2004 WL 953888, at *; upholding the basic requirements as to joinder under Rule 20.

13. Even if requirements for permissive broad joinder under Rule 20 (a)(2) were met the Court would have broad discretion to refuse joinder or to sever the case under Rule 21 in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. See, e.g., Acevedo v. Allsup's Convenience Stores, 600 F.3d 516, 521 (5th Cir. 2010) (citing Applewhite v. Reichhold Chems., 67 F. 3d 571 (5th Cir. 1995)), Morris v. Northrup Grumman, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999), and Coleman v. Quaker Oats, 332 F.3d 1271, 1296 (9th Cir. 2000).

14. Plaintiff has not satisfied the requirements imposed by the First Amendment on litigants seeking to unmask anonymous speakers. Given the hundreds of Doe Defendants and the pornographic nature of the movie(s) in question, it is crucial that the Court apply correct procedure and require Plaintiff to follow appropriate procedures before individuals' identities are falsely or unfairly disclosed under Subpoena. Plaintiff's allegations arise from anonymous communications.

15. The right to engage in anonymous speech is protected by the First Amendment. McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 357 (1995); Buckley v. Am. Constitutional Law Found, 525 U.S. 182, 192 (1999); and Talley v. California, 362 U.S. 60, 64 (1960). The fundamental right of anonymity in speech is protected whether the context for speech and association is an anonymous political leaflet, an Internet message board or a video-sharing site. Reno v. ACLU, 521 U.S. 844, 870 (1997). See also, e.g., Doe v. 2themart.com, 140 F.supp. 2d 1088, 1092 (W.D. Wash. 2001) stating that the Internet permits the "free exchange of ideas" because people can easily engage in such anonymously.

16. First Amendment protection extends to the anonymous publication of expressive works on the internet, even if the publication is alleged to infringe copyrights. See, Sony Music Entm't Inc., 326 F. Supp. 2d at 564 ("The use of P2P file copying networks to download, distribute or make sound recordings available qualifies as speech entitled to First Amendment protection.") See also, e.g., In re Verizon Internet Servs. Inc., 257 F. Supp2d 244, 260 (D.D.C.); Interscope Records v. Does, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); UMG Recordings, Inc., v. Does 1-4, No 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). In Sony, the court concluded that a file sharer is "making a statement" by downloading a work without charge or license. Sony, 326 F. Supp. 2d at 564. In addition, a file sharer is expressing himself through the selection of content and by making it available to others . Id. Although sharing creative content is not "political expression" entitled to the "broadest protection" a file sharer is still entitled to "some level of First Amendment protection." Id.

17. Because the First Amendment protects anonymous speech and association, efforts to use the courts to pierce anonymity are subject to a qualified privilege. See, e.g., New York Times v. Sullivan, 376 U.S. 254, 265 (1964); Shelley v. Kraemer, 334 U.S. 1, 14 (1948). Courts must consider the privilege before authorizing discovery by Subpoena. See, e.g. Sony, 326 F. Supp. At 565 ("Against the backdrop of First Amendment protection for anonymous speech, courts have held that civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns."); Grandbouche v. Clancy, 825 F.2d 1463, 1466 (10th Cir. 1987) citing Silkwood v. Kerr-McGee Corp., 563 F. 2d 433, 438 (10th Cir. 1997)) (When the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure.").

18. There is no compelling government interest to overcome First Amendment rights in this case; nor has Plaintiff provided anything other than mere allegation of copyright infringement. There is no evidence of infringement by any person. The allegation is of an alleged IP address whose identity may in fact be improperly sought for purposes other than those stated in the Complaint or Subpoena.

19. See, Dendrite Int'l, Inc., v. Doe No. 3, 775 A. 2d 756 (N.J. App. 2001) in which the court adopted a four prong test for protecting anonymous speakers.

   (1)   The plaintiff must make reasonable efforts to notify the accused Internet user of the pendency of the identification proceeding and explain how to present a defense; (such has not been done in this case);
   (2)   Plaintiff must set forth the exact actions of each Doe defendant that constitute actionable cause; (also absent here);
   (3)   Plaintiff must allege all elements of the cause of action and introduce prima facie evidence for each Doe defendant sufficient to survive a motion for summary judgment; (again not done in this case); and,
   (4)   "Assuming the court concludes that the plaintiff has presented a prima facie cause of action, the court must balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed."

20. Plaintiff fails the 4-part Dendrite test for disclosure of anonymous Doe defendants' identity in a First Amendment balancing test.

21. The Plaintiff's use of some form of proprietary undisclosed technology for allegedly tracking the unauthorized distribution of its copyrighted work lacks the necessity required under Dendrite to present specific competent evidence against each Doe defendant not merely an illusory generalized showing under which the scientific reliability of the undisclosed technology cannot be evaluated.

22. More than mere allegation is required to disclose to Plaintiff the identity of any defendant who may likely be falsely accused of downloading or distributing pornographic material. The link to original material and downloading of the same has not been established sufficient to conclude that infringement has occurred.

23. The potential harm to defendants through false accusation is sufficient to uphold defendants' First Amendment right to anonymity of speech and association and to reinforce that defendants are entitled to the benefit of protection through lack of jurisdiction in this case because jurisdiction by domicile or other cause has not been established.

24. The instant case merits dismissal.

25. Plaintiff's Subpoena directed to Verizon merits being quashed.

WHEREFOR, Defendant Q1 prays that this Court:

a. Quash the Subpoena directed by Plaintiff to Verizon as to Defendant Q1;

b. Sanction Plaintiff for its bad faith filing of the Complaint and service of Subpoena;

c. Dismiss the Complaint;

d. Make appropriate findings against Plaintiff;

e. Make such award of attorneys fees and costs to Defendant Q1 and others as the Court deems meet and proper;

f. Grant such other and further relief as to this Court is meet and proper.

Respectfully, Doe Defendant Q1, one of 316 Defendants in the above captioned Case,
By his/her/its/their attorney,

Steven E. Murra, Esquire, BBO # 364220
492A Main Street
Acton, Massachusetts 01720
Telephone: (978) 263-5885
Facsimile: (978) 263-5445
Email: murra.lawoffice@verizon.net

February 28, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused a true and accurate copy of the foregoing Motion to Quash to be served on Steele Law Firm, LLC, 161 N. Clark St., Suite 4700, Chicago, IL 60601counsel for Plaintiff by USPS first class postage prepaid overnight mail on the 28th day of February 2011; and, also by email delivery to john@steele-law.com this day; with copy to Verizon Legal Compliance by fax to (325) 949-6916.

February 28, 2011

Steven E. Murra, Esquire

6