# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6677 | **DATE** | 6/9/2011 |
| **CASE TITLE** | MGCIP vs. Does 1 - 316 | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies the motions [101], [110], [115], 117], [118], [119], [121], [122], [123], [131], [132], set forth by a series of putative defendants. The Court finds that MCGIP's subpoena requests to internet service providers do not impose an undue burden on the putative defendants or require the disclosure of privileged matter. The Court also finds that the issue of personal jurisdiction is premature at this stage of the litigation because the putative defendants are not named defendants.

■[ For further details see text below.]   Docketing to mail notices.

00:04

## STATEMENT

Plaintiff MCGIP, LLC ("MCGIP") filed suit against putative defendants John Does 1-316 alleging copyright infringement through the use of the BitTorrent protocol. A series of putative defendants have filed motions to quash subpoenas and motions to dismiss for lack of personal jurisdiction. *See, e.g.*, Docs. 110, 117, 118, 119, 121, 122, 132, 125. These putative defendants allege that the subpoenas improperly require the disclosure of privileged or protected matter and that the subpoenas impose an undue burden. These putative defendants also claim that this Court lacks personal jurisdiction over them because the putative defendants do not have a contractual relationship with an in-state party. For the following reasons, the Court denies the motions.

A court must quash or modify a subpoena that, in relevant part, "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). A general denial of engaging in copyright infringement, however, is not a basis for quashing a subpoena. *See, e.g., MCGIP, LLC v. Does 1-18*, 2011 WL 2181620 at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (denying defendant's motion to quash subpoena); *Donkeyball Movie, LLC v. Does 1-171*, --- F.Supp.2d ----, 2011 WL 1807452 at *2 (D.D.C. May 12, 2011) (Howell, J.) ("The putative defendant's general denial that she engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena.").

Here, the putative defendants cannot demonstrate an undue burden. MCGIP issued the subpoenas to internet service providers, not to the putative defendants. As such, the putative defendants cannot maintain that the subpoenas create an undue burden on them. *See, e.g., Donkeyball*, --- F.Supp.2d ----, 2011 WL 1807452 at *2 (finding that putative defendants "face no obligation to produce any information under the subpoena issued to [an internet service provider] and cannot claim any hardship, let alone undue hardship.").

## STATEMENT

Nor can the putative defendants demonstrate that the subpoenas require disclosure of privileged matter. To the extent that they assert that MCGIP's subpoenas violate their First Amendment rights to anonymous speech and privacy, those assertions are unavailing. *See, e.g., Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."). The First Amendment does not provide a license for copyright infringement and, as such, the putative defendants cannot rely on these arguments to prevent MCGIP from issuing subpoenas. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010); *see, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, --- F.Supp.2d ----, 2011 WL 996786 at *12 (D.D.C. Mar. 22, 2011) (Howell, J.) (noting that "a file-sharer's First Amendment right to anonymity is 'exceedingly small.'") (collecting cases).

At this stage of the proceedings, MCGIP is merely seeking to identify who the defendants are based on their IP addresses. The Court finds that the subpoenas issued to that end do not require the disclosure of privileged matter or create an undue burden on the putative defendants. Nor are the subpoena requests outweighed by the putative defendants's privacy interests or First Amendment rights. *See, e.g., MCGIP*, 2011 WL 2181620 at *1 ("[W]hile the Court is not unsympathetic to [the putative defendants's'] privacy argument, it is difficult to say that [the putative defendants] had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."). Therefore, the Court denies the putative defendants's motions to quash MCGIP's subpoenas.

The Court also finds that the putative defendants's arguments that they were improperly joined are premature. *See Donkeyball*, --- F.Supp.2d ----, 2011 WL 1807452 at *4 ("At this stage in the litigation . . . when discovery is underway to learn identifying facts necessary to permit service on Doe defendants, joinder, under Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified only by IP addresses is proper."). The putative defendants may re-raise the issue of improper joinder should they become named defendants in this case. *See MCGIP*, 2011 WL 2181620 at *1 ("Doe's assertion of improper joinder may be meritorious but, at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified by IP addresses is proper.") (quotations and citation omitted).[11] While a court in this district has granted a motion to sever regarding a copyright infringement case alleging the use of a BitTorrent protocol, it did so after finding that the claims against the putative defendants did not arise out of the same transaction or occurrence. *See, e.g., Lightspeed v. Does 1-1000*, 2011 LEXIS 35392 at *4 (N.D. Ill. Mar. 31, 2011) (Manning, J.) (sua sponte concluding that the putative defendants were improperly joined). Here, however, given the decentralized nature of BitTorrent's file-sharing protocol—where individual users distribute the same work's data directly to one another without going through a central server—the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time. *See, e.g., Donkeyball*, --- F.Supp.2d ----, 2011 WL 1807452 at *8 (finding joinder proper and collecting cases holding that severance prior to the naming of the actual defendants was premature).

Similarly, the putative defendants's motions to dismiss for lack of personal jurisdiction are also premature at this stage of the litigation. The Court reiterates that the putative defendants are not yet named defendants in the case. Moreover, the putative defendants, should they become named defendants in the case, will have the opportunity to contest this Court's jurisdiction at that time. *See, e.g, Call of the Wild Movie, LLC v. Smith*, --- F.Supp.2d ----, 2011 WL 1807416 at *10 (D.D.C. May 12, 2011) (Howell, J.) (denying putative defendants's motions to dismiss because the court only had limited information to determine whether the jurisdictional defenses were valid) (collecting cases); *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 180-81 (D. Mass. 2008) (finding it premature to adjudicate jurisdiction because the putative defendant's affidavit—signed as a Doe defendant—was insufficient to determine the issue of jurisdiction given, for example, the state's long-arm statute). Therefore, the Court denies the putative defendants's motions to dismiss for lack of jurisdiction as premature.

| STATEMENT |
|---|
| For the reasons stated, the Court denies the motions set forth by a series of putative defendants. The Court finds that MCGIP's subpoena requests to internet service providers do not impose an undue burden on the putative defendants or require the disclosure of privileged matter. The Court also finds that the issue of personal jurisdiction is premature at this stage of the litigation because the putative defendants are not named defendants. |